**MEI QING LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 13–1092.

United States Court of Appeals, Second Circuit.

Oct. 23, 2014.

Troy Nader Moslemi, Moslemi & Associates, New York, NY, for Petitioner.

Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Aimee J. Carmichael, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: BARRINGTON D. PARKER, PETER W. HALL, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Mei Qing Lin, a native and citizen of the People's Republic of China, seeks review of a February 27, 2013 order of the BIA affirming the September 12, 2011 decision of an Immigration Judge ("IJ") pretermitting as untimely her application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture. *See In re Mei Qing Lin,* No. A093 338 262 (B.I.A. Feb. 27, 2013), *aff'g* No. A093 338 262 (Immig. Ct. N.Y. City Sept. 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008), quoting 8 U.S.C. § 1252(b)(4)(B).

We lack jurisdiction to review the agency's pretermission of Lin's asylum application as untimely, because Lin presents no colorable constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Accordingly, to the extent

that Lin's petition challenges the denial of asylum, we dismiss it for lack of jurisdiction.

We deny the remainder of the petition because the agency's finding that Lin was not credible is supported by substantial evidence. Lin gave conflicting statements regarding the details of her arrest and an assault on a fellow church member in China, why her pastor did not testify on her behalf, when she entered the United States, whether she had a passport, and how long she lived in New York. Moreover, as to some of those matters, Lin admitted that she had lied either in statements to immigration or in her testimony. The agency was not compelled to accept Lin's excuses for the inconsistencies in her testimony, that a smuggler told her to lie or that she was nervous when she filled out the asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005). Given those inconsistencies in her testimony, we cannot conclude that any reasonable adjudicator would be compelled to find her credible and therefore decline to disturb the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

Finally, to the extent Lin argues that regardless of credibility, the evidence established a likelihood of future persecution or torture, she points to no specific evidence that the agency overlooked. To the extent Lin claims that the agency speculated about the sincerity of her religious beliefs, she is incorrect; the agency merely inquired into whether she actually attended church, an issue relevant to her claim of likely persecution.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.